Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Dominique Juliet Park
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 12, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARKEIS DESHAWN SCOTT,<br><br>Defendant. | CASE NO. 2:20-CR-00170-RMP<br><br>PLEA AGREEMENT |

Plaintiff United States of America, by and through Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, and Dominique Juliet Park, Assistant United States Attorney for the Eastern District of Washington, and Defendant, MARKEIS DESHAWN SCOTT, and Defendant's counsel, John Stephen Roberts, Jr., agree to the following Plea Agreement:

1.  <u>Guilty Plea and Maximum Statutory Penalties</u>:

The Defendant agrees to enter a plea of guilty to the Indictment filed on December 1, 2020, charging him with Possession of a Firearm with an Obliterated Serial Number, in violation of 18 U.S.C. §§ 922(k), 924(a)(1)(B). The Defendant understands the charge is a Class D felony which carries a maximum penalty of not more than a 5 year-term of imprisonment; not more than a three-year term of

PLEA AGREEMENT - 1

supervised release; a fine not to exceed $250,000; and a mandatory $100 special assessment.

The Defendant understands that a violation of a condition of supervised release carries an additional penalty of re-imprisonment for all or part of the term of supervised release, pursuant to 18 U.S.C. § 3583(e)(3), without credit for time previously served on post-release supervision.

2. <u>The Court is Not a Party to the Plea Agreement</u>:

The Court is not a party to this Plea Agreement and may accept or reject this Plea Agreement. Sentencing is a matter that is solely within the discretion of the Court. The Defendant understands that the Court is under no obligation to accept any recommendations or stipulations made by the United States and/or by the Defendant; that the Court will obtain an independent report and sentencing recommendation from the U.S. Probation Office; and that the Court may, in its discretion, impose any sentence it deems appropriate up to the statutory maximums stated in this Plea Agreement.

The Defendant acknowledges that no promises of any type have been made to the Defendant with respect to the sentence the Court will impose in this matter. The Defendant understands that the Court is required to consider the applicable sentencing guideline range, but may depart upward or downward in the exercise of its discretion pursuant to *United States v. Booker*, 543 U.S. 220 (2005).

The Defendant understands that should the Court at sentencing decide not to accept any of the parties' recommendations, that decision is not a basis for withdrawing from this Plea Agreement, or a basis for withdrawing his guilty plea.

3. <u>Waiver of Constitutional Rights</u>:

The Defendant understands that by entering these pleas of guilty he is knowingly and voluntarily waiving certain constitutional rights, including:

  (a) The right to a jury trial;

  (b) The right to see, hear and question the witnesses;

PLEA AGREEMENT - 2

(c) The right to remain silent at trial;

(d) The right to testify at trial; and

(e) The right to compel witnesses to testify.

While the Defendant is waiving certain constitutional rights, the Defendant understands that he retains the right to be assisted through the sentencing and any direct appeal of the conviction and sentence by an attorney, who will be appointed at no cost if he cannot afford to hire an attorney. The Defendant acknowledges that any pretrial motions currently pending before the Court are waived.

4. Elements of the Offense:

The United States and the Defendant agree that in order to convict the Defendant of Possession of a Firearm with an Obliterated Serial Number, in violation of 18 U.S.C. §§ 922(k), 924(a)(1)(B), the United States would have to prove beyond a reasonable doubt the following elements:

- *First*, on or about February 14, 2020, the Defendant knowingly possessed a Davis Industries, model DM-22, .22 magnum caliber derringer style pistol;
- *Second*, the Defendant knew that the serial number of the firearm had been removed, obliterated, or altered; and
- *Third*, the firearm had theretofore been shipped and transported in interstate commerce.

5. Statement of Facts:

The United States and the Defendant stipulate and agree that the United States could prove the following facts beyond a reasonable doubt at trial, that these facts are accurate, and these facts constitute an adequate factual basis for the Defendant's guilty plea. This statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts which are relevant to the guideline computation or sentencing, unless otherwise prohibited in this Plea Agreement.

On February 14, 2020, MARKEIS DESHAWN SCOTT (hereinafter referred to as the "Defendant") sold a firearm, that is, a Davis Industries, model DM-22, .22

PLEA AGREEMENT - 3

magnum caliber derringer style pistol, to source working for the Bureau of Alcohol, Tobacco, Firearms, and Explosives for $180. The sale of this firearm occurred in Spokane, Washington. The Defendant knew or should have known (because the obliteration was obvious) at the time of this sale that the firearm had an obliterated serial number.

The firearm the Defendant possessed— a Davis Industries, model DM-22, .22 magnum caliber derringer style pistol — was examined by Special Agent Adam Julius with the Bureau of Alcohol, Tobacco, Firearms and Explosives. Special Agent Julius determined that the firearm was manufactured outside the state of Washington.

6. <u>The United States Agrees</u>

*Not to File Additional Charges*

The United States Attorney's Office for the Eastern District of Washington agrees not to bring any additional charges against the Defendant based upon information in its possession at the time of this Plea Agreement arising out of Defendant's conduct involving illegal activity charged in this Indictment unless the Defendant breaches this Plea Agreement.

7. <u>United States Sentencing Guideline Calculations</u>:

The Defendant understands and acknowledges that the United States Sentencing Guidelines (hereinafter "USSG") are applicable to this case and that the Court will determine the Defendant's applicable sentencing guideline range at the time of sentencing.

(a) *Base Offense Level*:

The United States and the Defendant stipulate and agree that the base offense level is **12** pursuant to United States Sentencing Guidelines ("USSG") § 2K2.1(a)(7).

(b) *Acceptance of Responsibility*:

If the Defendant pleads guilty and demonstrates a recognition and an affirmative acceptance of personal responsibility for the criminal conduct; provides complete and accurate information during the sentencing process; does not commit

PLEA AGREEMENT - 4

any obstructive conduct; accepts this Agreement; and enters a plea of guilty no later than **October 12, 2021**; the United States will move for a two-level downward adjustment in the offense level for the Defendant's timely acceptance of responsibility, pursuant to USSG §3E1.1(a) and (b).

    (c)    *Criminal History*:

The United States and the Defendant have made no agreement and make no representations as to the Defendant's Criminal History Category, which shall be determined by the Court at sentencing after review of the Presentence Investigation Report.

8.    Length of Incarceration:

The United States agrees to recommend a term of incarceration at the low-end of the applicable USSG advisory range, as determined by the Court. The Defendant may recommend any legal sentence.

9.    Criminal Fine:

The United States and the Defendant agree to recommend the Court impose no criminal fine.

10.    Supervised Release:

The United States and the Defendant agree to jointly recommend that the Court impose a three-year term of supervised release, to include the following special conditions, in addition to the standard conditions of supervised release:

    (a)    Defendant shall participate and complete such drug and alcohol testing and drug and alcohol treatment programs as the Probation Officer directs; and

    (b)    Defendant's person, residence, office, vehicle, and belongings are subject to search at the direction of the Probation Officer.

11.    Mandatory Special Penalty Assessment:

The Defendant agrees to pay the $100 mandatory special assessment to the Clerk of Court for the Eastern District of Washington, pursuant to 18 U.S.C. § 3013,

PLEA AGREEMENT - 5

and shall provide a receipt from the Clerk to the United States as proof of this payment.

12. <u>Payments While Incarcerated</u>:

If the Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, the Defendant agrees to earn the money to pay toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program if the Court sentences the Defendant to a term of incarceration.

13. <u>Additional Violations of Law Can Void Agreement</u>:

The Defendant and the United States agree that the United States may at its option and upon written notice to the Defendant, withdraw from this Plea Agreement or modify its recommendation for sentence if, prior to the imposition of sentence, the Defendant is charged or convicted of any criminal offense whatsoever.

14. <u>Waiver of Appeal and Collateral Attack Rights</u>:

In return for the concessions that the United States has made in this Plea Agreement, the Defendant agrees to waive his right to appeal.

The Defendant further expressly waives his right to file any post-conviction motion attacking his conviction and sentencing, including a motion pursuant to 28 U.S.C. § 2255, except one based upon ineffective assistance of counsel based on information not known by the Defendant, and which, in the exercise of due diligence, could not be known by the Defendant by the time the Court imposes sentence.

Should the Defendant successfully move to withdraw from this Plea Agreement or should the Defendant's conviction on the Indictment be dismissed, set aside, vacated, or reversed, this Plea Agreement shall become null and void; the United States may prosecute the Defendant on all available charges. Nothing in this Plea Agreement shall preclude the United States from opposing any post-conviction motion for a reduction of sentence or other attack of the conviction or sentence, including, but not limited to, proceedings pursuant to 28 U.S.C. § 2255.

15. <u>Integration Clause</u>:

The United States and the Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and the Defendant, and no other promises, agreements, or conditions exist between the United States and the Defendant concerning the resolution of the case. This Plea Agreement is binding only upon the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state or local authorities. The United States and the Defendant agree that this agreement cannot be modified except in a writing that is signed by the United States and the Defendant.

### Approvals and Signatures

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

Vanessa R. Waldref
United States Attorney

_____    10/12/21
Dominique Juliet Park         Date
Assistant U.S. Attorney

I have read this Plea Agreement and have carefully reviewed and discussed every part of the agreement with my attorney. I understand and voluntarily enter into this. Furthermore, I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement, and no one has threatened or forced me in any way to enter into this Plea Agreement. I am agreeing to plead guilty because I am guilty.

_____    10/12/21
MARKEIS DESHAWN SCOTT         Date
Defendant

PLEA AGREEMENT - 7

I have read the Plea Agreement and have discussed the contents of the Plea Agreement with the Defendant. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties. I concur in Defendant's decision to plead guilty as set forth in the Plea Agreement. There is no legal reason why the Court should not accept the Defendant's plea of guilty.

_____  10/12/2021
John Stephen Roberts, Jr.    Date
Attorney for the Defendant

PLEA AGREEMENT - 8